**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia G. Barnes, | No. CV-17-00549-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court are Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue, or in the Alternative, Motion to Transfer Venue (Doc. 14) and Plaintiff's cross-motion to transfer venue, or in the alternative to amend complaint (Doc. 15). This matter is ripe for review.

**FACTUAL BACKGROUND**

In 2011, Plaintiff saw a job posting for "legal assistant" at a new Social Security Administration ("SSA") office in Reno, Nevada. She contacted Jim Elkins, a Hearing Office Director in Reno, Nevada, to inquire about possible attorney positions. (Doc. 1 at ¶ 27.) Mr. Elkins provided Plaintiff with some instructions to apply for the open positions, but did not provide Plaintiff with the vacancy announcement. (Doc. 1 at ¶¶ 31-32.) Mr. Elkins and his assistant interviewed Plaintiff; without consulting with anyone, Mr. Elkins immediately professed that Plaintiff was not appropriate for further consideration. *Id*. at ¶ 67. Despite her superior qualifications, Plaintiff was not hired for the position. *Id*. at ¶¶ 6, 44, 48, 50. Plaintiff believes that SSA discriminated against her

due to her sex and age. *Id*. at ¶¶ 40, 44, 47-50. She was 60 years old at the time. *Id*. at 1. SSA has stated various reasons for her non-selection. *Id*. at ¶¶ 71-75.)

On August 3, 2011, Plaintiff raised her concerns with Mr. Elkins, who eventually referred her to SSA Human Resources Officer Ed Pilapil in Sacramento, California. *Id*. at ¶ 52. Plaintiff asked Mr. Elkins to reconsider her candidacy. *Id.* at ¶ 56. Mr. Pilapil then "cleared the last selection for hire on August 29, 2011." *Id*. at ¶ 63. According to Plaintiff, "Mr. Elkins recommended potential candidates to Mr. Pilapil, who determined if the selectees were qualified, set their salary level, determined their citizenship and then authorized Mr. Elkins to extend a job offers (sic) to the candidates."[1] (Doc. 15 at 3.) Plaintiff then filed a complaint with the Equal Employment Opportunity Commission. (Doc. 1 at ¶ 6.) This complaint was later dismissed. *Id*. at ¶ 7.

On November 9, 2017, Plaintiff filed this suit against Nancy A. Berryhill, Acting Commissioner for SSA. (Doc. 1.) Defendant moved to dismiss or transfer to Reno, Nevada due to improper venue (Doc. 14). Plaintiff responded with a cross motion to transfer to the Southern District of California or amend her complaint (Doc. 15).

**DISCUSSION**

*<u>Venue</u>*

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss a complaint due to improper venue. This motion must be timely made; otherwise, the defendant waives the defense. Fed. R. Civ. P. 12(h)(1).[2] Once venue has been challenged, the burden is on the plaintiff to prove that it is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 1282, 1286 (D. Ariz. 2009). "Additionally, 'uncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1227 (9th Cir. 2010) (quoting *Rio*

---

[1] Defendant disputes this characterization. (Doc. 16 at 4.)
[2] Defendant timely filed their motion and did not waive this defense. *See* Fed. R. Civ. P. 12(a)(2), (h)(1).

*Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)).

Title VII has a specific venue provision, which applies instead of the general venue statute. *Passantino v. Johnson & Johnson Consumer Prods, Inc.*, 212 F.3d 493, 504 (9th Cir. 2000). A Title VII suit "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). It is important to note that there may be multiple proper venues. *See Passantino*, 212 F.3d at 506.

In this matter, Plaintiff is alleging that she would have worked in Reno, Nevada, but for the alleged discrimination. (Doc. 1 at ¶ 6.) This clearly provides venue to the District of Nevada for her action. *See* 42 U.S.C. § 2000e-5(f)(3). She additionally claims that the records are maintained and administered in Richmond, California, which is within the Northern District of California.[3] *See* Doc. 15 at 4. If this is correct, there is venue within the Northern District of California for her action. *See* 42 U.S.C. § 2000e-5(f)(3). Plaintiff alleges that the discriminatory actions happened in Reno, Nevada, and in Sacramento, California. *See* Doc. 1 at ¶¶ 6, 52. Defendant disputes whether discriminatory actions took place in Sacramento, but this Court resolves this in favor of Plaintiff. *See Brayton Purcell LLP*, 606 F.3d at 1227. Therefore, proper venue may be found within any judicial district in Nevada and California. *See* 42 U.S.C. § 2000e-5(f)(3). The District of Arizona is not a proper venue. Therefore, this matter must be dismissed without prejudice or transferred. 28 U.S.C. § 1406(a).

---

[3] UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, *Jurisdiction Map*, https://www.cand.uscourts.gov/jurisdictionmap (last visited April 26, 2018).

***Transfer or Dismiss***

When a case is filed in the incorrect division or district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). If the court decides that dismissal is the appropriate choice, the dismissal must be without prejudice. *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991). The interest of justice may be satisfied if a plaintiff has diligently pursued the matter, wishes to expedite the matter, and it would be in the interest of judicial efficiency. *Bolar v. Frank*, 938 F.2d 377, 380 (2d Cir. 1991) (per curiam); *Sherar v. Harless*, 561 F.2d 791, 794 (9th Cir. 1977). A case could have been brought in a particular district or division if, and only if, the proposed court has subject matter jurisdiction, proper venue, the defendant is subject to that court's personal jurisdiction, and the defendant is amenable to service of process in that district. *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). "An argument based on convenience alone is more appropriate in a § 1404 change of venue motion." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).

This case was filed within the incorrect district. *See supra*. It is in the interests of justice to transfer this matter. Plaintiff has diligently pursued this matter and transfer is in the interest of judicial efficiency. *See Bolar*, 938 F.2d at 380. Therefore, the Court must consider if this case could have been brought in another district. 28 U.S.C. § 1406(a). Venue would be proper within the District of Nevada and the Southern District of California.[4] *See* 42 U.S.C. § 2000e-5(f)(3); *Passantino*, 212 F.3d at 506. There is no indication that either the District of Nevada or the Southern District of California lack personal jurisdiction over Defendant.[5] Both districts have subject matter justification over

---

[4] The Court acknowledges that venue is proper in other districts; however, the parties are only proposing transfer to the District of Nevada or the Southern District of California. (Docs. 14, 15.)

[5] Both Nevada's and California's long arm statute extend to due process. *See* Nev. Rev. Stat § 14.065 ("A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States."); Cal. Civ. P. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the

the claims. *See* 28 U.S.C. § 1331. Defendant would be amenable to service in both districts. Fed. R. Civ. P. 4(i). Therefore, this matter could have been brought in either the District of Nevada or the Southern District of California.

Plaintiff argues that the Court should transfer this matter to the Southern District of California because she "can more easily afford and withstand the rigor of a five-hour drive to San Diego, [California]." (Doc. 15 at 8:23-24.) Defendant argues that the Southern District of California is not an appropriate venue and that the records and witnesses are in the District of Nevada. (Doc. 16.) The Court finds that judicial efficiency dictates that a transfer to the District of Nevada is in the interest of justice.

### *Amend*

Rule 15(a)(2) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), states that courts should allow amendments "when justice so requires." It is important to remember "the underlying purpose of Rule 15 . . . to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Plaintiff included in her cross-motion to transfer venue a request to amend the complaint if the Court found that it is in the interest of justice to transfer this matter to the District of Nevada. (Doc. 15.) Defendant does not counter Plaintiff's argument that amending the complaint would moot the motions to transfer due to lack of venue. (Doc. 16 at 1:24-26.) The Court finds that justice does not require amendment. This matter can be brought to the District of Nevada without extreme detriment to either party.[6]

---

United States.").
[6] The Court acknowledges that Plaintiff has stated that the distance to the District of Nevada will be physically and financially difficult. (Doc. 15) The Court believes that true impediment may be mediated through telephonic appearances when appropriate. Plaintiff has indicated that discovery in this matter is complete, thereby limiting the need to travel to Nevada for extensive discovery or hearings. (Doc. 19 at 1:20-21.)

**CONCLUSION**

Based on the aforementioned reasoning, the following are HEREBY ORDERED:

(1) Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue, or in the Alternative, Motion to Transfer Venue (Doc. 14) is GRANTED as to the motion to transfer.

(2) This matter shall be transferred to the District of Nevada.

(3) Plaintiff's cross-motion to transfer venue or in the alternative to amend complaint (Doc. 15) is denied.

Dated this 1st day of May, 2018.

Honorable James A. Soto
United States District Judge