NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
HOLLY A. VANCE
Assistant United States Attorney
United States Attorney's Office
400 S. Virginia Street, Suite 900
Reno, NV 89501
(775) 784-5438
Holly.A.Vance@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA G. BARNES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 3:18-cv-00199-MMD-WGC<br><br>**Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 86)** |

COMES NOW Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Defendant"), and hereby moves to dismiss Plaintiff's second amended complaint for multiple jurisdictional and pleading deficiencies. This motion is supported by Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 8(a)(2), 8(d)(1), and 10(b).

## BACKGROUND

Plaintiff Patricia G. Barnes ("Plaintiff") has filed suit based on her non-selection for one of five attorney advisor positions with the Social Security Administration ("SSA") in Reno, Nevada. (ECF No. 86 pp. 1-2). Specifically, Plaintiff alleges:

- She was subject to disparate treatment age discrimination, in violation of 29 U.S.C. § 623(a)(1) of the Age Discrimination in Employment Act ("ADEA"), when younger candidates were hired instead of her because she was not the right "personality" or

1

"cultural" fit for the office. (ECF No. 86 pp. 13-14). As part of this claim, Plaintiff also alleges: "SSA attorneys illegally interfered in the SSA investigation of Plaintiff's EEO complaint by coaching Mr. Elkins and Ms. Groberg to make their affidavits appear more credible." (*Id*. p. 14).

- Plaintiff was subject to disparate impact age discrimination, in violation of the ADEA, because the SSA's "neutral policies relating to the recruitment, evaluation and hire of applicants in the 'Excepted Service' have a disproportionate and adverse effect on job seekers aged 40 and over." (*Id*. pp. 14-15).

- Plaintiff was subject to reprisal, in violation of 29 U.S.C. § 623(4)(d) of the ADEA, when the SSA did not hire her "because of her activities in opposition to employment discrimination." (*Id*. p. 15-17).

- Plaintiff was retaliated against, in violation of Title VII of the Civil Rights Act of 1964, when she was not hired "because of her activities opposing employment discrimination." (*Id*. p. 17).

The second amended complaint's "Factual Background" also alleges that the SSA "injected itself into the investigation of Plaintiff's complaint in violation of EEO Management Directive, 29 C.F.R. § 1614.108(a)." (ECF No. 86 p. 9). Plaintiff's claims suffer from a number of jurisdictional and pleading deficiencies, as explained below, thereby warranting the dismissal of the second amended complaint.

## ARGUMENT

**A.    Plaintiff's second amended complaint fails to include numbered paragraphs and impermissibly requires Defendant to sift through a lengthy 11-page narrative to discern the factual basis for her claims.**

A complaint is required to provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation of the complaint "must" be "simple, concise and direct." Fed. R. Civ. P. 8(d)(1). The complaint "must" state its claims in numbered paragraphs. Fed. R. Civ. P. 10(b).

Plaintiff's second amended complaint violates those pleading requirements. Her 26-page filing fails to include any numbered paragraphs whatsoever. Rather than provide a "short and plain statement" showing an entitlement to relief, she provides a lengthy 11-page narrative as the factual basis for her claims. (ECF No. 86 pp. 3-13). She then describes her causes of action in vague and conclusory terms, referring back to, and incorporating by reference, her 11-page factual narrative. (ECF No. 86 pp. 13-17). Her approach requires the reader to sift through 11 pages of facts to try and discern which facts support which claims. Neither the Court nor Defendant should be required to sift through Plaintiff's lengthy narrative, bereft of numbered paragraphs, to determine the factual basis for her claims. *See Epperson v. Global Am., Inc.*, 2015 WL 4078143, at *2 (E.D. Cal. July 6, 2015) (unpublished) ("It is not the responsibility of the Court to review a narrative in an attempt to determine the nature of a Plaintiff's claims. Thus, Plaintiff's complaint style and formatting fail[] to comply with Rule 10(b)."); *Quezada v. Hedgpeth*, 2009 WL 529888, at *1 (E.D. Cal. Mar. 2, 2009) (unpublished) ("A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a)."). Accordingly, Plaintiff's violations of the federal pleading requirements warrant the dismissal of her second amended complaint.

**B.     The allegations in Plaintiff's second amended complaint fail to demonstrate an entitlement to relief.**

A complaint is required to provide sufficient facts to "show" the claim alleged is plausible and entitles the plaintiff to relief. *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1949-50 (2009). Where a complaint's factual allegations establish only the possibility of an entitlement to relief, the allegations are inadequate and the complaint warrants dismissal. *Id.* "Bare assertions" amounting to nothing more than a "formulaic recitation" of the elements of a claim are not sufficient to state a claim for relief. *Id.* at 1951. "'[N]aked assertions' devoid of 'further factual enhancements'" likewise do not pass muster *Id*. Here, Plaintiff's claims fail to satisfy those standards, as argued below.

1   **1.** **Plaintiff fails to state a claim for disparate treatment age discrimination in**
2   **violation of 29 U.S.C § 623(a)(1) of the ADEA.**

3        For her first claim, Plaintiff alleges that she was subject to disparate treatment age
4   discrimination, in violation of 29 U.S.C. § 623(a)(1), when the SSA hired candidates who
5   "were younger and far less qualified than Plaintiff." (ECF No. 86 p. 13). In Plaintiff's view,
6   the SSA "ignored objective qualifications and based its hiring decisions upon the subjective
7   assessment of an untrained, inexperienced Selection Officer's [*sic*] regarding the candidates'
8   'personality' and 'cultural fit' for an office that had not yet opened." (ECF No. 86 p. 13).

9        Plaintiff's allegations fail to demonstrate that her non-selection was based on age. *See*
10  29 U.S.C. § 623(a)(1) (requires showing that individual was not hired "because of such
11  individual's age."). Plaintiff asserts that "younger and far less qualified" candidates were
12  hired because the selecting official determined that Plaintiff was not the right "personality"
13  or "cultural fit" for the office. (ECF No. 86 p. 13). That Plaintiff was determined not to be
14  the right "personality" or "cultural fit" for the office does not demonstrate that she was
15  discriminated against based on age. *See Grovner v. Ga. Dep't of Nat. Resources*, 646 Fed. Appx.
16  805, 810 (11th Cir. 2016) (unpublished) (rejecting pretext claim where employer believed
17  other candidates were better suited for position than plaintiff based on personality and
18  temperament); *Iqbal v. William M. Mercer Consulting, Inc.*, 2004 WL 188077, *7-9 (S.D.N.Y.
19  Feb. 2, 2004) (employer's belief that applicant's skill set, experience and personality did not
20  make him a good fit for the position was a legitimate non-discriminatory reason not to hire
21  him). Accordingly, Plaintiff's disparate treatment age discrimination claim should be
22  dismissed. *See* Fed. R. Civ. P. 12(b)(6) (authorizing dismissal for failure to state a claim for
23  relief).

24  **2.** **Plaintiff fails to state a claim for disparate impact age discrimination in**
25  **violation of the ADEA.**

26        For her second claim, Plaintiff alleges that she was subject to disparate impact age
27  discrimination in violation of the ADEA. (ECF No. 86 p. 14). Specifically, she asserts that
28

the following facially neutral SSA policies "had a disparate impact upon Plaintiff and other individuals over the age of 40":

- "The SSA assigned the attorney-advisor vacancies to the 'Excepted Service' even though competitive recruitment was no less impractical for these positions than others filled by the Agency in the Reno office;" (*Id.*).

- The SSA "has no 'standard practice' for the recruitment/selection of 'Excepted Service' positions;" (*Id.*).

- The SSA "grants Selection Officers unfettered discretion to recruit candidates for hire in the 'Excepted Service,' even when they have no relevant training or experience." (*Id.*).

Plaintiff's allegations are too vague and conclusory to demonstrate an entitlement to relief. She does not identify the alleged policies in question with sufficient specificity; nor does she explain how those alleged policies "had a disparate impact on" her and others over 40. Merely identifying purported policies without demonstrating their causal connection to age discrimination is insufficient to state a claim for relief. *See Rose v. Wells Fargo*, 902 F.2d 1417, 1424 (9th Cir. 1990) (to prove disparate impact discrimination, plaintiff "must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group"). Accordingly, Plaintiff's claim for disparate impact age discrimination should be dismissed. *See* Fed. R. Civ. P. 12(b)(6) (authorizing dismissal for failure to state a claim for relief).

3. **Plaintiff fails to state a claim for reprisal in violation of 29 U.S.C. § 623(4)(d).**

For her third claim, Plaintiff alleges that she was subject to reprisal, in violation of "29 U.S.C. §623, Section Four D" when the selecting official did not hire her "because of her activities in opposition to employment discrimination." (ECF No. 86 pp. 15-16). Plaintiff cites the following excerpts from the selecting official's deposition testimony to purportedly demonstrate that she was subject to reprisal:

- "Well, anyone who would send me a cover sheet talking about their legal blog, about comparing their employers to abusers, to me is a red flag." (*Id*.).

- "It also kind of made me think this is someone who's going to come in and criticize me or listen to every word I say and create nothing but problems if she doesn't like what I'm asking her to do." (*Id*.).

- The selecting official also advised that he was "concerned" about Plaintiff's blog. (*Id*.).

For three reasons, Plaintiff's allegations fail to state a claim for relief. First, the statute Plaintiff cites as support for her claim, 29 U.S.C. § 623(4)(d), does not exist. On that basis alone, Plaintiff's claim fails. Second, Plaintiff describes her alleged protected activity in only vague and conclusory terms, claiming she was not hired "because of her activities in opposition to employment discrimination" in "her writings and her syndicated employment law blog, Abuser Goes to Work, at abusergoestowork.com." (ECF No. 86 p. 16). She fails to provide sufficient details, however, to demonstrate that the "discrimination" allegedly discussed in those writings and blog was based on age, race, gender or some other protected class. Plaintiff's vague and conclusory description of her alleged protected activity thus dooms her claim. *See Skiba v. Ill. Railroad Co.*, 884 F.3d 708, 718 (7th Cir. 2018) ("Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient."). Third, the quoted comments by the selecting official do not demonstrate that he discriminated against Plaintiff based on any protected activity. His mere concern about her criticizing him based on what he read in her blog, by itself, does not demonstrate that he retaliated against her based on a protected activity. Accordingly, Plaintiff's reprisal claim should be dismissed for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

### 4. Plaintiff failed to exhaust her Title VII retaliation claim and, in any event, the Title VII allegations fail to state a claim for relief.

For her fourth cause of action, Plaintiff asserts a Title VII retaliation claim, asserting that she was not hired "because of her activities opposing employment discrimination." (ECF No. 86 p. 17). Plaintiff, however, does not indicate that she exhausted that claim. *See*

*Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) (failure to exhaust administrative remedies deprives Court of subject matter jurisdiction to consider Title VII claim). In fact, the decision from Plaintiff's administrative case reflects that she did not exhaust the claim. (ECF No. 52-1 ¶ 3, p. 23). The Court therefore lacks subject matter jurisdiction to consider Plaintiff's Title VII retaliation claim. *See* Fed. R. Civ. P. 12(b)(1) (authorizing dismissal for lack of subject matter jurisdiction).

Moreover, Plaintiff's Title VII allegations fail to state a claim for relief. Plaintiff asserts that she was not hired "because of her activities in opposing employment discrimination. [The selecting official Jimmy Elkins] cited her writings and her employment law blog, Abuser Goes to Work." (*Id.*). According to Plaintiff, her blog "regularly features articles about employment discrimination." *(Id.)*. The allegation that Elkins "cited [Plaintiff's] writings and her employment law blog" fails to demonstrate that he did not hire her because she "oppos[ed] employment discrimination." (*Id.*). Accordingly, Plaintiff's Title VII allegations should be dismissed for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

## C.   Plaintiff is precluded from challenging the EEOC process in this action.

In the "Factual Background" section of her second amended complaint, Plaintiff alleges that the SSA "injected itself into the investigation of Plaintiff's complaint in violation of EEO Management Directive, 29 C.F.R. Part 1614.108(a)." (ECF No. 86 p. 9). As part of her disparate treatment claim based on age (first claim for relief), Plaintiff further alleges: "SSA attorneys illegally interfered in the SSA's investigation of Plaintiff's EEO complaint by coaching Mr. Elkins and Ms. Groberg to make their affidavits appear more credible." (ECF No. 86 p. 14). In Plaintiff's view, the SSA's actions denied her "a fair and impartial investigation of Plaintiff's [administrative] complaint." (ECF No. 86 p. 10). Plaintiff's allegations fail to state a claim for relief.

The provision cited by Plaintiff, 29 C.F.R. § 1614.108(a), requires an agency that is the subject of an administrative complaint to investigate the claims alleged. Complainants, however, are prohibited from challenging the administrative process before the SSA or this

Court. *See Kraus v. United States*, 2007 WL 3171280, at *5 (N.D. Cal. Oct. 26, 2007) (unpublished) ("EEO regulations provide that the EEO *shall dismiss* any claim alleging dissatisfaction with the EEO process.") (citation omitted; emphasis in original); 29 C.F.R. § 1614.107(a)(8) ("the agency shall dismiss an entire complaint that alleges dissatisfaction with the processing of a previously filed complaint"); *Keeley v. Small*, 391 F.Supp.2d 30, 45 (D.D.C. 2005) (concluding that plaintiff's claims relating to employer's alleged interference in the EEOC's investigation was not cognizable under Title VII); *Harris v. McDonald*, 2017 WL 4217101, at *5 (D.D.C. Sept. 19, 2017) (unpublished) ("To the extent that [the plaintiff] is attempting to challenge the administrative processing of his EEO complaint, his claim is not cognizable under federal anti-discrimination law."); *Storey v. Rubin*, 976 F.Supp. 1478, 1484 (N.D. Ga. 1997) (concluding that neither Title VII nor the ADEA "creates a right or action or confers on this Court jurisdiction over a claim by a federal employee against the EEOC, or any other agency, challenging any aspect of the administrative processes (or any application of that process) by which complaints of discrimination are investigated and resolved"). Accordingly, Plaintiff's claim that 29 C.F.R. § 1614.108(a) was violated should be dismissed. *See* Fed. R. Civ. P. 12(b)(1) (authorizing dismissal for lack of subject matter jurisdiction).[1]

## CONCLUSION

For the reasons argued above, the second amended complaint should be dismissed in its entirety.

DATED: April 23, 2019

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

s/ *Holly A. Vance*
HOLLY A. VANCE
Assistant U.S. Attorney

---

[1] Even if Plaintiff could assert such a claim, she failed to exhaust the claim before the agency and thus the challenge is not preserved. *See Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002) (requiring exhaustion of administrative remedies).

**Certificate of Service**

It is hereby certified that the foregoing Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF NO. 86) was made through the Court's electronic filing and notice system (CM/ECF), and by sending a copy of same via ECF notice upon:

Patricia G. Barnes
*barnespatg@gmail.com*

DATED: April 23, 2019                                   s/ *Holly A. Vance*
                                                        HOLLY A. VANCE