UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA G. BARNES., | Case No. 3:18-cv-00199-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security Administration Defendant, | |
| Defendants. | |

Plaintiff brought this action based on her non-selection for an attorney advisor position with the Social Security Administration ("SSA") in Reno, Nevada. (ECF No. 1.) The Court permitted Plaintiff to file an amended complaint ("Second Amended Complaint" or "SAC")) on April 15, 2019. (ECF No. 86.) Since then, Plaintiff has filed several motions. The Court is compelled to address some of Plaintiff's pending motions before considering the merits of the SAC. The Court now addresses two pending motions filed as ECF Nos. 108 and 115.

## I. PLAINTIFF'S OBJECTION TO MAGISTRATE'S RULING (ECF NO. 108)

Plaintiff objects to Magistrate Judge William G. Cobb's order, after related hearing, dismissing Plaintiff's "emergency" motion for an order of protection and to quash against Defendant Nancy A. Berryhill (or SSA) ("Defendant") (ECF No. 92) and Plaintiff's second motion for sanctions (ECF No. 104) ("Objection"). (ECF Nos 109, 108.[1]) Defendant has responded. (ECF No. 114) The Court will overrule Plaintiff's Objection.

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see also*

///

---

[1] The docket currently displays ECF No. 109 before ECF No. 108.

1 Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to
2 support it, the reviewing body on the entire evidence is left with the definite and firm
3 conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095,
4 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under
5 § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply
6 substitute its judgment for that of the deciding court." *Grimes v. City & County of San
7 Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Plaintiff's motion for emergency protection and to quash as well as her motion for sanctions are interrelated. (*See* ECF Nos. 92, 104.) These motions focus on Plaintiff's contention that Defendant is using discovery to, *inter alia*, intimidate, harass, annoy, oppress, and embarrass Plaintiff in violation of Fed. R. Civ. P. 26 (c)(1)(D). (*Id.*) In her motion for sanctions, Plaintiff additionally claims that the defense is invading her constitutionally-protected right to privacy. (*See, e.g.*, ECF No. 104 at 2, 5.) Plaintiff specifically sought an order of protection related to subpoenas Defendant issued to Plaintiff's prior and current employers. (ECF No. 92.)

Judge Cobb denied Plaintiff's motions for protective order and to quash on procedural and substantive grounds (ECF No. 109 at 2–7.) Among various procedural reasons, Judge Cobb concluded that Plaintiff failed to "meet and confer" regarding discovery as defined in LR IA 1-3(f) (*id.* at 2).[2] *See* LR 26-7(c) (providing that a discovery motion "will not be considered" absent good faith effort to meet and confer as defined in LR IA 1-3(f)). Judge Cobb also concluded that Plaintiff failed to satisfy the requirements imposed by Local Rule 7-4 for seeking emergency relief (ECF No. 109 at 3). *See* LR 26-7(d) ("Written requests for judicial assistance to resolve an emergency discovery dispute must satisfy LR 7-4.").

///
///

---

[2]The Court need not consider Judge Cobb's substantive rulings because it agrees with the procedural grounds which the Court concludes, *infra*, Plaintiff fails to properly challenge.

1 | Judge Cobb further denied Plaintiff's motion for sanctions because he determined it to be accordingly baseless and not properly filed—having not been filed separately from Plaintiff's response to Defendant's motion in opposition (ECF Nos. 102, 104). (*Id.* at 7.) In her Objection, Plaintiff merely contends that Judge Cobb abused his discretion in his rulings. (ECF No. 108 at 3.) Therefore, the Court need not look further to overrule Plaintiff's Objection—Plaintiff is required to show that Judge Cobb's rulings were clearly erroneous and she fails to even argue in that regard. Nor does the Court find that Judge Cobb's rulings were clearly erroneous. In terms of the procedural issues, Plaintiff did not comply with the Court's referenced local rules. Pro se litigants like Plaintiff must still comply with all procedural rules. *See, e.g.*, *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986) (explaining that a pro se litigant "is expected to abide by the rules of the court in which he litigates").

## II. PLAINTIFF'S MOTION TO STAY (ECF NO. 115)

Plaintiff next requests that the Court stay Defendant's subpoenas of her current and former employers until the Court rules on her Objection. (ECF No. 115.) In light of the Court's ruling above, Plaintiff's motion to stay is denied as moot.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection to Judge Cobbs rulings on her motions for protection and to quash Defendant's subpoenas and Plaintiff's motion for sanctions (ECF No. 108) is denied.

///

///

///

///

It is further ordered that Plaintiff's motion to stay (ECF No. 115) is denied as moot in light of the Court's ruling on her objection (ECF No. 108).

DATED THIS 10th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE