NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
United States Attorney
HOLLY A. VANCE
Assistant United States Attorney
United States Attorney's Office
400 S. Virginia Street, Suite 900
Reno, NV 89501
(775) 784-5438
Holly.A.Vance@usdoj.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA G. BARNES,<br><br>          Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. 3:18-cv-00199-MMD-WGC<br><br>**ORDER GRANTING** Defendant's Motion to Extend Deadline to Depose Plaintiff and File Dispositive Motions and Joint Pre-Trial Order<br><br>**Expedited Review Requested**<br><br>**Third Request** |

Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Defendant"), hereby moves for an extension of time, until 21 days after a ruling on Plaintiff's objections to the decision denying her motion for sanctions and protective order (ECF No. 108), to depose Plaintiff and file dispositive motions and the joint pre-trial order.

## BACKGROUND

Plaintiff Patricia G. Barnes ("Plaintiff") filed suit under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act based on her non-selection for one of five attorney advisor positions with the Social Security Administration ("SSA") in Reno, Nevada. (ECF No. 86). On October 31, 2018, the Court entered a scheduling order that established a discovery cut-off deadline of April 30, 2019. (ECF No. 55 p. 2).

1

On January 23, 2019, the Court entered an order staying the case due to the government shutdown. (ECF Nos. 72, 74). On January 29, 2019, Defendant moved to lift the stay and sought an amended scheduling order based on the re-opening of the government. (ECF No. 75). On February 20, 2019, the Court amended the scheduling order to establish a discovery cut-off deadline of June 4, 2019. (*Id*.).

In April 2019, Defendant issued subpoenas for Plaintiff's employment records. (ECF No. 92). In response, Plaintiff moved for sanctions and an emergency protective order to quash the subpoenas. (*Id*.). The Court denied Plaintiff's motion and extended the discovery cut-off deadline to June 28, 2019 "due to the delay involved in obtaining the information sought by [Defendant's] subpoenas as well as being able to take Plaintiff's deposition after receipt of the documents." (ECF No. 109 pp. 5-7). Plaintiff has objected to, and moved to stay, that ruling. (ECF No. 108). Plaintiff also has objected to Defendant's re-issuance of the subpoenas on the ground that the Court has not yet ruled on her objections to the denial of the motion for sanctions and protective order. (Vance Decl. ¶ 3 Exs. A, B).

## DISCOVERY CONDUCTED TO DATE

Discovery in the case is nearly complete. (Vance Decl. ¶ 5). Both parties have exchanged interrogatories and requests for production. (*Id*.). In addition, Defendant submitted an expert report to Plaintiff and she responded with a rebuttal report. (*Id*.). After the Court's denial of Plaintiff's motion for sanctions and protective order, Defendant re-issued the subpoenas for Plaintiff's employment records. (*Id*.). The only remaining discovery that Defendant wishes to conduct is to depose Plaintiff. (*Id*.).

## ARGUMENT

Defendant wishes to depose Plaintiff before the current discovery cut-off deadline of June 28, 2019. Defendant anticipates, however, that Plaintiff will decline to answer deposition questions about her employment history. She has advised that she does not believe defense counsel should proceed with the subpoenas in light of her objections to the denial of her motion for sanctions and protective order. (Vance Decl ¶ 3 Exs. A, B). She

has expressed that Defendant should await a ruling from the Court on those objections before proceeding with the subpoenas. (*Id.*).Defendant informed Plaintiff that the order denying her motion for sanctions and a protective order authorizes Defendant to proceed with the issuance of the subpoenas. (Vance Decl ¶ 4 Exs. A, B). Because Plaintiff likely will not answer deposition questions about her employment history until the Court rules on her objections, Defendant has good cause to seek an extension of the deadlines to depose Plaintiff, and file dispositive motions and the joint pre-trial order, until 21 days after a ruling on her objections. *See* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, *for good cause*, extend the time…with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]") (emphasis added).

This is Defendant's third request for an extension of time to extend the scheduling order deadlines. *See* LR IA 6-1 (must advise of previous extensions). Currently, the discovery cut-off deadline is June 28, 2019; the dispositive motions deadline is August 5, 2019; and the joint pre-trial order due date is September 9, 2019. (ECF No. 109 p. 7). This extension request is made in good faith and not for the purpose of delay.

## CONCLUSION

For the reasons argued above, the Court should grant Defendant's extension request and allow Defendant up to and including 21 days after the Court rules on Plaintiff's objections, to depose Plaintiff and file dispositive motions and the joint pre-trial order.

DATED: June 10, 2019

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

s/ *Holly A. Vance*
HOLLY A. VANCE
Assistant U.S. Attorney

**IT IS SO ORDERED.**

**Dated:** June 12 , 2019.

*William G. Cobb*
**UNITED STATES MAGISTRATE JUDGE**

3