UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICIA G. BARNES., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner Social Security Administration Defendant, <br><br> Defendants. | Case No. 3:18-cv-00199-MMD-WGC <br><br> ORDER |

Plaintiff has filed a motion for reconsideration of the Court's order overruling her objections to Magistrate Judge William G. Cobb's rulings on her motions for protection and to quash Defendant's subpoenas and her motion for sanctions ("Motion"). (ECF No. 122.) The Court will deny the Motion.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Plaintiff's Motion is premised on her conclusion that the Court erred by finding that she only challenged Judge Cobb's pertinent rulings for abuse of discretion, rather than the applicable clear error standard. (*Id.* at 2.) Plaintiff contends the Court was wrong because she challenged Judge Cobb's rulings regarding "her constitutionally-based right of privacy

when she complained of age discrimination" as having been erroneous as a matter of law. (*Id.* at 2–4.) But such a ruling is substantive, and the Court expressly did not address Judge Cobb's substantive rulings. (ECF No. 121 at 2 n.2) She further contends that the Court's decision was in error because it could only be concluded that Defendant intends to violate her privacy rights in an effort to harass and intimate her by sending subpoenas to her employers and institutions at which she volunteered over the years. (*Id.*)

As indicated, Plaintiff's Motion misses the mark in its entirety. To be clear, the Court's order overruling Plaintiff's objections focused on Plaintiff's failure to comply with the procedural rules that govern litigation in this Court and to which Plaintiff is bound, even as a pro se litigant. (ECF No. 121 at 3 (citing ECF No. 108 at 3)). It is indisputable that Plaintiff challenged Judge Cobb's procedural rulings on the basis that he abused his discretion. As the Court's order explains, a party objecting to a magistrate's non-dispositive rulings must establish that the magistrate was "clearly erroneous"—and the magistrate's order is not subject to de novo review. (*Id.* at 1–2.) Plaintiff failed to argue the applicable standard and her objections were consequently overruled. Plaintiff's Motion is likewise denied.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 122) is denied in accordance with this order.

DATED THIS 14th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE