# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA G. BARNES, | 3:18-cv-00199-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 125 |
| NANCY A. BERRYHILL,<br>Acting Commissioner Social Security<br>Administration, | |
| Defendant. | |

Before the court is Plaintiff's Motion to Compel (ECF No. 125), Defendant's opposition (ECF No. 132) and Plaintiff's reply (titled as, "Plaintiff's Response to Defendant's Opposition . . ." (ECF No. 134).

Plaintiff's motion identifies some seventeen (17) interrogatories/requests for production to which Plaintiff claims she received to be, in one fashion or another, inadequate, evasive or incomplete. (ECF No. 125.) While Plaintiff discusses the general content of her requested discovery, Plaintiff did not, as Defendant argued in its opposition, "set forth in full the text of the discovery originally sought and any response to it," as is required by LR 26-7(b). (Defendant's opposition, ECF No. 132.) Defendant also challenges whether Plaintiff undertook a good faith effort to resolve the discovery dispute prior to filing her discovery motion. (*Id.* at 2.) As such, Defendant only addressed the technical and procedural aspects of Plaintiff's motion, not any of the substantive issues presented by the discovery dispute.

In reply, Plaintiff incorporated into her filing the text of her First Interrogatories (ECF No. 134 at 3-9); the text of Defendant's answer to Plaintiff's interrogatories (*Id.* at 10-27); the text of Plaintiff's

First Request for Production of Documents (*Id.* at 28-32) and the text of Defendant's responses (not including any documents identified in the response (*Id.* at 33-44.)

Just as Defendant's opposition did not include any substantive argument on the merits, Plaintiff's reply was limited, essentially, to supplying the documents which should have initially accompanied Plaintiff's motion to compel.

The court agrees with Defendant's argument that the failure to include these discovery items at the outset "inhibits the ability of the court to meaningfully evaluate Plaintiff's motion." (ECF No. 132 at 2, citing *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 170 (D. Nev. 1996).)

Now that the actual text of the disputed discovery is before the court, the court deems it appropriate for the Defendant to re-address Plaintiff's motion/reply in a supplemental opposition memorandum, which will be due on or before **July 26, 2019**. Plaintiff will thereafter be able to file a supplemental reply memorandum within ten (10) days of Defendant's service of its supplemental opposition.

The court also notes the Defendant's argument about whether Plaintiff satisfied her LR 26-7(c) meet and confer obligation. While the court does not mean to diminish the importance of a serious meet and confer, nor Plaintiff's failure to "set forth the details and results of the meet-and-confer . . . about each disputed discovery request," in the present matter it is apparent there is a very acrimonious relationship between Plaintiff and defense counsel. A follow-up meet and confer would likely not be productive.

Also before the court is Defendant's "Motion to Disregard Plaintiff's Response" because the documents exceeded the LR 7-3 page limitation on reply memoranda. (ECF No. 138.) Because Plaintiff's memorandum essentially provided materials that should have been filed with the motion to compel as exhibits, Defendant's motion (ECF No. 138) is **DENIED**.

DATED: July 12, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE