UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA G. BARNES, | 3:18-cv-00199-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 118 |
| NANCY A. BERRYHILL,<br>Acting Commissioner Social Security<br>Administration, | |
| Defendant. | |

Before the court is Plaintiff's "Motion Limiting Electronic Access" which was filed as an "Emergency Motion." (ECF No. 118.) Defendant opposed (ECF No. 126) and Plaintiff replied in a "Response to Defendant's Opposition." (ECF No. 130.) Plaintiff's motion seeks to limit electronic access to Defendant's Opposition and attendant exhibits (ECF No. 102) which were filed in response to Plaintiff's earlier Motion for an Order of Protection and Motion to Quash (filed as an "Emergency Motion;" ECF No. 92).

As a starting point, Plaintiff has once again failed to comply with the court's Local Rule's requirement on motions characterized as being an emergency. LR 7-4 requires a declaration (absent from Plaintiff's motion) setting forth the nature of the emergency, the addresses of parties affected by the motion, and a statement of movant certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action. The declaration also must state when and how the other affected people or entities were notified of the motion or, if not notified, why it was not practicable to do so. If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can

evaluate whether a meet and confer truly was precluded. LR 7-4(a)(1)-(3).

The court previously admonished Plaintiff on her failure to comply with LR 7-4 with respect to Plaintiff's Emergency Motion for Protective Order (ECF No. 92). At the court's hearing on May 14, 2019, the court advised Plaintiff as to the procedural requirements of LR 7-4 and how Plaintiff failed to comply with the court's rules.

Substantively, however, the court has previously addressed Plaintiff's argument that Defendant's discovery materials "are subject to privacy interests and electronic access is likely to prejudice those privacy interests." (Plaintiff's motion, ECF No. 118.) In an extensive analysis on the record regarding Plaintiff's privacy claims, the court stated:

> The Court's ruling to deny Plaintiff's motion (ECF No. 92) on a substantive basis is premised in part upon two cases cited by Defendant. *Ghonda v. Time Warner Cable, Inc.,* 2017 WL. 395111, at *4 (E.D. N.Y. Jan. 27, 2017) (unpublished) where the defendant attempted to obtain information of a prior employer. The court stated the plaintiff has lodged similar complaints of discrimination of a previous employer. The court held that information concerning those complaints are relevant to her pending claims of employment which is similar in this case. The similar issue is discovered *Schaack v. ABCM Corp.*, 2008 WL 5082165, at *2 (N.D. Iowa Nov. 26, 2008) (unpublished) is where the defendant issued a subpoena to Schaack's former employers. The plaintiff objected stating the subpoena was overbroad and sought confidential information. The court noted discovery is allowed for any non-privileged matter that involves the parties' claim or defense. Magistrate Judge Scoles, in that case, said that "in a discovery context, relevancy 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case'." The court goes on to state "it appears to the Court that the reasons for Schaack leaving her prior places of employment may be relevant to the issue of whether she was constructively discharged." The Court relies on these two cases to conclude that *any right of privacy is waived by the nature of the lawsuit Plaintiff filed*.

(ECF No. 109 at 6; emphasis added.)[1]

Additionally, and as noted previously, the materials which Plaintiff seeks to prevent being lodged electronically have been publically available for several years and are published on line in the matter of *Barnes v. National Council of Juvenile Family Court Judges*, 3:10-cv-528-MMD-WGC. As the court noted in its May 14, 2019 minutes, the Defendant's exhibits in opposition to Plaintiff's earlier

---

[1] The undersigned's decision was sustained by District Judge Miranda Du. *See*, Order, ECF No. 121, overruling Plaintiff's objections to ECF No. 109. *See, also*, Order, ECF No. 124.

2

1 | emergency motion were extracted from that case. (ECF No. 102 at 6-8; 109 at 5.)

2 | Last, as Defendant argues in her opposition, LR 26-8 does not necessarily preclude Defendant's submission of discovery documents where those documents are related to the discovery dispute. LR 26-7(b). As the court's minutes reflect, those materials had a direct bearing on Plaintiff's privacy argument in her Motion for Protective Order. (ECF No. 109 at 5-7.)

Plaintiff's motion (ECF No. 118) is **DENIED** on both procedural and substantive grounds for the reasons stated above.

**IT IS SO ORDERED.**

DATED: July 19, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE