UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICIA G. BARNES,<br><br>               Plaintiff,<br>     v.<br>ANDREW SAUL, Commissioner of Social Security,<br><br>               Defendant. | Case No. 3:18-cv-00199-MMD-WGC<br><br>ORDER |

## I. SUMMARY

*Pro se* Plaintiff Patricia Barnes filed a second amended complaint on April 15, 2019. (ECF No. 86 ("SAC").) Barnes now moves to amend (ECF No. 167) her SAC and has attached a proposed third amended complaint (ECF No. 167-1 ("TAC")).[1] Because Barnes alleges in the TAC the same claims dismissed on mandate in the SAC, and because Barnes has not identified a cognizable *Bivens*[2] actions regarding a First Amendment retaliation claim, the Court denies Barnes's motion to amend. However, the Court—as further explained below—will grant Barnes leave to file a fourth amended complaint and amend her First Amendment retaliation claim, and only that claim.

## II. BACKGROUND

Barnes initiated this action in the District Court of Arizona on November 9, 2017, after not being offered a job in the office of the Social Security Administration ("SSA") in Reno, Nevada. (ECF No. 1.) Barnes originally alleged unlawful employment practices based on age and sex in violation of the Age Discrimination in Employment Act ("ADEA")

---

[1]Defendant Andrew Saul, the Commissioner for Social Security, has filed a response opposing the motion, and Barnes has filed a reply. (ECF Nos. 178, 179.)

[2]*See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

and Title VII of the Civil Rights Act of 1964 ("Title VII"). (*Id.* at 1.) The action was later transferred to this Court on May 2, 2018. (ECF No. 21.)

### A. First Motion to Amend

On July 5, 2018, Barnes filed a motion seeking leave to amend her complaint. (ECF No. 34.) The Court granted the motion (ECF No. 44), and Barnes filed her first amended complaint (ECF No. 46 ("FAC")) on October 14, 2018. In her FAC, Barnes stated that "Selection Officer [Jimmy Elkins] had discriminated against her for opposing employment discrimination in her publications and her syndicated employment law blog, Abuser Goes to Work." (*Id.* at 17 (brackets added).)

### B. Second Motion to Amend

On February 25, 2019, Barnes filed a second motion seeking leave to amend her FAC, which the Court granted. (ECF Nos. 80, 85.) In the SAC, Barnes asserts the following four claims against the SSA: (1) ADEA disparate-treatment age discrimination; (2) ADEA disparate-impact age discrimination; (3) ADEA retaliation; and (4) retaliation under Title VII. (ECF No. 86 at 13-17.) Barnes alleges that the SSA Selection Officer, Jimmy Elkins, provided shifting reasons for why she was not selected. (*Id.* at 12.) Elkins stated on September 12, 2012, that "he was concerned [Barnes] was a 'troublemaker' because her writing sample addressed workplace bullying and she writes an employment law blog opposing harassment and discrimination." (*Id.* (quotes in original).) A week later, Elkins further stated that he did not hire Barnes because of her opposition to employment discrimination and cites to her blog, *Abusers Goes to Work*. (*Id.* at 16.) As such, Barnes alleges that she was subject to retaliation "because she writes an employment law blog that opposes illegal employment discrimination." (*Id.* at 1.)

Defendant filed a motion to dismiss the SAC. (ECF No. 87.) The Court granted the motion, finding that Barnes had failed to state a claim for which relief may be granted in the SAC. (ECF Nos. 142, 143.) Barnes appealed to the Ninth Circuit Court of Appeals. (ECF No. 156.) The Ninth Circuit issued an opinion affirming in part, and reversing in part, this Court's order dismissing the SAC and remanded for further proceedings. (ECF No.

159.) More specifically, the Ninth Circuit affirmed this Court's dismissal of Barnes's ADEA disparate-treatment, ADEA retaliation, and Title VII retaliation claims. (*Id.* at 3-5.) The Ninth Circuit, however, held that Barnes's ADEA disparate-impact claim was plausible and remanded the case to proceed on that claim, and issued its mandate. (*Id.* at 5, ECF No. 161.) Accordingly, on March 4, 2021, this Court ordered Defendant to respond to the remaining claim in the SAC, which Defendant timely filed on April 5, 2021. (ECF Nos. 163, 166.)

In a separate order dated March 23, 2021, the Court gave Barnes until April 23, 2021, to file her motion to amend the SAC. (ECF No. 165.) The discovery cut-off deadline in this action is currently set for October 4, 2021. (ECF No. 171.)

### C. Third Motion to Amend

On April 23, 2021, Barnes filed a third motion seeking leave to amend the SAC. (ECF Nos. 167, 167-1). In the proposed TAC, Barnes adds Jimmy Elkins as Defendant and asserts four claims: (1) ADEA disparate-impact age discrimination; (2) ADEA disparate-treatment age discrimination; (3) ADEA retaliation; and (4) First Amendment retaliation.[3] (ECF No. 167-1 at 12-22.) Claims 1 through 3 are against the SSA. (*Id.*) Claim 4 is against "All Defendants," which includes Andrew Saul, in his official capacity as Commissioner of the SSA, and against Jimmy Elkins in his individual and official capacity as an employee of the SSA. (*Id.* at 4, 20-22.)

### III. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *See* Fed. R. Civ. P. 15(a). The Court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the

---

[3] In Barnes's motion to amend, Barnes appears to assert that she is bringing her First Amendment retaliation claim as an *Bivens* cause of action. (ECF No. 167 at 18-20.)

3

merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## IV. DISCUSSION

Because the Court previously ordered that Barnes's ADEA disparate-impact claim in the SAC will proceed in this action, and Barnes has realleged this claim in the TAC, the Court need not address the claim. The Court, however, will address below the remaining three claims—ADEA disparate-treatment, ADEA retaliation, and First Amendment retaliation—in the TAC. The Court will dismiss these claims and deny Barnes's motion to amend. The Court will then grant Barnes leave to amend the SAC with respect to the First Amendment retaliation claim as alleged in the TAC.

### 1. ADEA Disparate-Treatment & Retaliation Claims

In the TAC, Barnes brings against the SSA a claim of disparate-treatment age discrimination in violation of the ADEA. (ECF No. 167-1 at 14-18.) Barnes also asserts against the SSA a claim of unlawful retaliation in violation of the ADEA. (*Id.* at 18-20.)

Defendant argues that Barnes's proposed amended claims in the TAC—specially the ADEA disparate treatment age discrimination and retaliation clams—violates the rule of mandate. (ECF No. 178 at 5-6.) Defendant additionally argues that the TAC is merely "re-hashing" facts "previously presented in [Barnes's] prior complaints." (*Id.* at 6.) Barnes appears to counter by quoting to a bankruptcy case, *De Jong v. JLE-04 Parker, LLC*, 588 B.R. 879 (B.A.P. 9th Cir. 2018), that the rule of mandate does not prohibit this Court from addressing issues "not decided" by the Ninth Circuit. (ECF No. 179 at 4.) The Court disagrees with Barnes.

///

The Ninth Circuit's mandate did decide—and affirmed—this Court's dismissal of her ADEA disparate-treatment age discrimination and retaliation claims. The Ninth Circuit has been clear that district courts must adhere to the rule of mandate. *See United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006). "A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of L.A.*, 679 F.3d 1059, 1067 (9th Cir. 2012) (citing *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)). The rule allows district courts to decide anything *not foreclosed* by the mandate. *See Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (emphasis added).

Here, the Ninth Circuit affirmed this Court's dismissal of three of the four claims asserted in Barnes's SAC—ADEA disparate-treatment age discrimination, ADEA retaliation, and Title VII retaliation claims. (ECF No. 159 at 3-4.) Barnes's TAC merely restates two of these claims—ADEA disparate-treat age discrimination and ADEA retaliation. The Ninth Circuit, in affirming this Court's dismissal of these two claims in the SAC and in issuing its mandate, foreclosed Barnes's ability to reassert these claims in the TAC. *See Herrington*, 12 F.3d at 904. Accordingly, Barnes's motion to amend is denied with respect to her ADEA disparate-treatment age discrimination and retaliation claims.

### 2. First Amendment Retaliation Claim

In the proposed TAC, Barnes seeks to bring a First Amendment retaliation claim against "All Defendants." (ECF No. 167-1 at 20.) This includes Andrew Saul in his "official capacity" as Commissioner of the SSA, and Jimmy Elkins in his "individual and official capacity" as an employee of the SSA. (*Id.* at 4.) Barnes asserts in her motion to amend that she is bringing this claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 167 at 18-20.) Defendant counters that Barnes's motion should be denied as the United States has not waived sovereign immunity to First Amendment retaliation claims. (ECF No. 178 at 8.) The Court finds that

///

Barnes fails to state any cognizable *Bivens* action regarding a First Amendment retaliation claim.

The United States is a sovereign, and as such, is immune from suits unless it has expressly waived such immunity and consented to be sued. *See United States v. Shaw*, 309 U.S. 495, 500-01 (1940). A suit against officers or employees of the United States in their official capacity is a suit against the United States. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). However, in *Bivens*, 403 U.S. 388 (1971), the Supreme Court of the United States held that a violation of a person's Fourth Amendment rights by federal officials acting under the color of federal law gives rise to a federal cause of action for damages for their unconstitutional conduct. Since *Bivens*, the Supreme Court has recognized—in addition to the Fourth Amendment—violations of the Fifth and Eighth Amendments in a *Bivens* action. *See Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (Fifth Amendment); *Carlson v. Green*, 446 U.S. 14, 16-18 (1980) (Eighth Amendment). More recently, the Supreme Court has also held that "expanding the *Bivens* remedy is now considered a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

Barnes appears to bring a *Bivens* action—though she does not explicitly plead as much in her proposed TAC—alleging that "All Defendants" retaliated against her for exercising her First Amendment rights. Barnes alleges no facts in the TAC that Defendant Saul acted in a manner that violated her constitutional rights. Accordingly, to the extent that Barnes seeks to bring her First Amendment retaliation claim against Saul in his "official capacity" as Commissioner of the SSA to extend liability to the United States or the SSA, she is legally foreclosed from doing so.[4] *See Gilbert*, 756 F.2d at 1458; *Shaw*, 309 U.S. at 500-01; *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* action cannot be brought against a federal agency.).

---

[4]The Court notes that in Barnes's reply, Barnes states that it was not her "intent to name the [SSA] as defendant in the First Amendment claim" in her proposed TAC. (ECF No. 179 at 8.)

6

Moreover, Barnes asserts that government officials cannot be protected by qualified immunity if "they violate clearly established statutory or constitutional rights." (ECF No. 167 at 19 (internal quotes omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Barnes cites to *Connick v. Myers*, 461 U.S. 138, 145 (1983), to further assert that speech regarding public affairs is entitled to "special protection" given the importance of the First Amendment. (*Id.*) However, Barnes's reliance on *Connick* to assert her First Amendment retaliation claim is misplaced.

In *Connick*, a former assistant district attorney brought a civil rights action against her government employer for terminating her for exercising her right of free speech. 461 U.S. at 140. The action, however, was brought by the former assistant district attorney under 42 U.S.C. § 1983 and is thus not a *Bivens* action. (*Id.* at 141-42.) As such, the Court denies leave to amend to assert Barnes's First Amendment retaliation claim in the TAC as Barnes has not identified a cognizable *Bivens* actions regarding this claim and it remains unclear to the Court that such a claim should proceed. *See Schweiker v. Chilicky*, 487 U.S. 412 (1988) (cautioning that, following *Bivens*, the Supreme Court decisions have "responded cautiously" to suggestions that *Bivens* remedies should extend "into new contexts."); *Ziglar*, 137 S. Ct. at 1848 (expanding *Bivens* is a disfavored judicial activity.).

Given the Court's denial of leave to amend as to Barnes's ADEA disparate-treatment and retaliation claims, and Barnes's First Amendment retaliation claim, Barnes's motion to amend is denied.

**V. LEAVE TO AMEND**

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen*, 911 F.2d at 373 (*quoting* Fed. R. Civ. P. 15(a)). Because discovery in this action has not closed, and because it remains unclear whether Barnes may pursue a First Amendment retaliation claim in a *Bivens* action, the Court will grant Barnes leave to amend her complaint to assert a First Amendment retaliation claim (in addition to her ADEA disparate-impact age discrimination claim). Barnes will have 30 days from the date of this order to file a fourth amended complaint to cure the deficiencies

as stated herein. Failure to do so will result in this action proceeding only on Barnes's ADEA disparate-impact age discrimination claim as alleged in the SAC.

Given that Barnes has sought multiple amendments to her complaint and because she was aware of facts as early as when she filed her FAC—where she alleged Elkins discriminated against her for expressing her views on employment discrimination in her law blog—the Court will grant no further amendments beyond the fourth amended complaint absent exceptional circumstances. If Barnes chooses to file a fourth amended complaint, Barnes is advised that a fourth amended complaint supersedes (replaces) the original complaint, and any previously filed amended complaints, and thus, the fourth amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey*, 693 F.3d at 928 (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Barnes's fourth amended complaint must contain—and only contain—her First Amendment retaliation and her ADEA disparate-impact age discrimination claims, all defendants, and all factual allegations Barnes wishes to pursue on these two claims. If Barnes chooses not to file a fourth amended complaint curing the stated deficiencies herein, the SAC will remain the operative complaint and this action will proceed only on Barnes's ADEA disparate-impact age discrimination claim as alleged in the SAC.

**VI. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff Patricia Barnes's motion to amend (ECF No. 167) is denied.

It is further ordered that Barnes will have 30 days from the date of this order to file a fourth amended complaint to amend her First Amendment retaliation claim as alleged in her proposed third amended complaint (ECF No. 167-1), should she choose to do so. Failure to file a fourth amended complaint will result in this action proceeding on Barnes's claim of disparate-impact age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as alleged in her second amended complaint (ECF No. 86.)

DATED THIS 6th Day of July 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE