UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PATRICIA G. BARNES,

    Plaintiff

v.

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security Administration, et al.,

    Defendants

Case No.: 3:18-cv-00199-MMD-CSD

**Order**

Re: ECF No. 185

Before the court is Plaintiff's motion to compel discovery responses and request for extension of the discovery deadline. (ECF No. 185.) Defendants filed a response. (ECF No. 199.) Plaintiff filed a reply. (ECF No. 202.)

Plaintiff has filed a motion to compel discovery response that is 75 pages long, and does not contain a declaration indicating a good faith effort has been made to meet and confer before raising this dispute before the court.

A motion (other than a motion for summary judgment) is limited to 24 pages, excluding exhibits. LR 7-3(b). If a party wishes to exceed the page limits, the party must file a motion to file a brief that exceeds the page limits that is supported by a showing of good cause. The motion to exceed the page limits must be filed *before* the motion and must be accompanied by a declaration stating in detail the reasons for, and number of additional pages requested. LR 7-3(c).

Plaintiff's motion exceeds the page limits and was not preceded by a motion seeking leave to exceed the page limits. Plaintiff was cautioned by Chief Judge Du that the failure to adhere to the Local Rules, including the rule regarding page limits, may result in sanctions being

issued against her. (ECF No. 197.) That warning was issued after Plaintiff filed this motion; therefore, the court will exercise its discretion not to issue sanctions against Plaintiff. Plaintiff is cautioned, however, that a future failure to adhere to the Local Rules may result in the imposition of sanctions.

In addition, a discovery motion will not be considered unless the moving party has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and includes a declaration setting forth the details and results of the meet and confer conference about each disputed discovery request. LR 26-6(c). The meet and confer requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement. LR IA 1-3(f).

Plaintiff did not include a declaration stating that she engaged in a proper, good faith effort to meet and confer before filing this motion.

For these reasons, Plaintiff's motion to compel (ECF No. 185) is **DENIED**.

The court will be setting a hearing to discuss the discovery plan and scheduling order deadlines. *Following that hearing*, Plaintiff may choose to raise her discovery dispute in accordance with the court's civil standing order (*see* ECF No. 217), but only *after* she has engaged in a good faith effort to meet and confer that complies with LR IA 1-3(f).

**IT IS SO ORDERED**.

Dated: May 19, 2022

_____
Craig S. Denney
United States Magistrate Judge