UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PATRICIA G. BARNES,

    Plaintiff

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant

Case No.: 3:18-cv-00199-MMD-CSD

**Order**

Re: ECF No. 232

    Before the court is Defendant's Motion for Reconsideration. (ECF No. 232.) Plaintiff filed a response. (ECF No. 230.)

    For the reasons set forth below, the motion is granted.

## I. BACKGROUND

    Defendant filed the Answer to Fourth Amended Complaint on May 16, 2022. Plaintiff then filed the Motion to Strike Defendant's Answer to Fourth Amended Complaint on May 24, 2022. The motion to strike was denied except with respect to the Affirmative Defense No. 1, which claimed Plaintiff lacked Article III standing. The court found this defense was barred based on issue preclusion and struck it accordingly. (*See* ECF No. 231.)

## II. LEGAL STANDARD

    "A district court generally should not grant a [motion for reconsideration] in the absence of newly discovered evidence, clear error, or an intervening change in the controlling law." *Wells Fargo Bank, N.A. v. Mahogany Meadows Avenue Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (internal quotations omitted); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014); LR 59-1(a).

Motions for reconsideration are disfavored. LR 59-1(b). "A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). "A movant who repeats arguments will be subject to appropriate sanctions." *Id*.

### III. DISCUSSION

Here, Defendant argues the court committed a clear error in granting Plaintiff's motion to strike with respect to the Affirmative Defense No. 1 (claiming a lack of Article III standing). The court finds the argument set forth in Defendant's Motion for Reconsideration persuasive.

In the motion to dismiss, Defendant argued that Plaintiff did not have Article III standing to bring an ADEA disparate-impact age discrimination claim because she failed to make the requisite showing that each of the three elements of standing were met. In her order addressing the motion to dismiss, Chief District Judge Miranda Du set forth the three elements to establish Article III standing: "(1) injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." (ECF No. 219 at 13.) Judge Du determined that Plaintiff's pleading contained *allegations* that when accepted as true were sufficient to withstand a motion to dismiss with respect to Article III standing. (*Id.* at 13-14.)

The court granted Plaintiff's motion to strike Affirmative Defense No. 1 based on Plaintiff's argument that the defense was barred by issue preclusion because the district court previously found Plaintiff had standing in the order ruling on Defendant's motion to dismiss. (*See* ECF No. 231 at 7, citing ECF No. 219 at 13-14.)

In the motion for reconsideration, Defendant argues that while the *allegations* of the operative complaint are sufficient to withstand a motion to dismiss, Defendant is still entitled to

conduct discovery and raise the issue of standing, if appropriate, in a motion for summary judgment.

The court recognizes that Article III standing is a jurisdictional question that can be raised at any time if warranted by *evidence*. *Renee v. Duncan*, 686 F.3d 1002, 1012 (9th Cir. 2012). In addition, for the issue of Article III standing to be precluded by the doctrine of issue preclusion, it must have been "actually litigated." *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th Cir. 2003).

Judge Du concluded that Plaintiff's fourth amended complaint contained sufficient *allegations* to infer a basis for Article III standing so as to withstand a motion to dismiss. Actual *evidence* regarding Plaintiff's Article III standing has not been presented in this case. Accordingly, the court agrees with Defendant's argument in the motion for reconsideration that the affirmative defense of lack of Article III standing is not precluded.

## IV. CONCLUSION

Defendant's motion for reconsideration (ECF No. 232) is **GRANTED**. The portion of the court's order granting Plaintiff's motion to strike Affirmative Defense 1 asserting lack of standing (ECF No. 231) is hereby **WITHDRAWN**.

**IT IS SO ORDERED**.

Dated: June 28, 2022

_____
Craig S. Denney
United States Magistrate Judge