# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PATRICIA G. BARNES,

    Plaintiff

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant

Case No.: 3:18-cv-00199-MMD-CSD

**Order**

Re: ECF No. 235

Before the court is Plaintiff's Motion Regarding Discovery Dispute. (ECF No. 235.) Defendant filed a response. (ECF No. 236.) For the reasons set forth below, the motion is denied and the hearing set for July 14, 2022, is vacated.

## I. BACKGROUND

The parties met and conferred on June 8, 2022, and agreed that Defendant would serve supplemental discovery responses. (ECF No. 236 at 2; *see also* ECF No. 235-1 at 1.) On June 29 and July 5, 2022, Defendant served supplemental responses to Plaintiff's discovery requests. (ECF No. 236 at 2; ECF No. 235-1 at 2.) On July 6, 2022, Plaintiff filed this discovery motion. (ECF No. 235.)

## II. DISCUSSION

The Civil Standing Order provides the court's Informal Discovery Dispute Procedure. (*See* ECF No. 217 at 3.) In relevant part, "the parties must first meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). Lead counsel for each party shall meet and confer in person, videoconference, or telephone. A mere exchange of letters or e-mails does not satisfy the meet and confer requirement." *Id.*

Here, Plaintiff failed to meet and confer in accordance with the Civil Standing Order. Plaintiff sent an email to Defendant on June 29, 2022, regarding the supplemental discovery responses that were served that day. (*See* ECF No. 235-1 at 2.) That e-mail, however, is insufficient to satisfy the court's meet and confer requirements. Moreover, Plaintiff admits she did not even review all of Defendant's supplemental responses prior to filing this motion. (*See* ECF No. 235-1 at 3, "These new documents and hundreds of pages of corresponding discovery will take Plaintiff at least several days to review.")

As a result of Plaintiff's failure to completely review Defendant's supplemental responses and then engage in a good faith effort to meet and confer regarding any perceived deficiencies *before* filing this discovery motion, the court denies Plaintiff's motion and vacates the hearing set for July 14, 2022. The court further orders Plaintiff to review Defendant's supplemental discovery responses and meet and confer regarding any remaining issues in compliance with the Civil Standing Order and the Local Rules before filing any further discovery motion with the court.

Finally, the court cautions Plaintiff that a future failure to comply with the Federal Rules of Civil Procedure, Local Rules or the court's Civil Standing Order may result in the imposition of sanctions. The court recognizes that Plaintiff is proceeding *pro se*, however, Plaintiff is an attorney and has been warned previously about adhering to the rules. (*See* ECF No. 197 (Chief Judge Du cautioned Plaintiff that a failure to adhere to the Federal Rules of Civil Procedure and Local Rules would result in sanctions); ECF No. 231 at 8 (finding Plaintiff violated the Local Rules in ECF Nos. 227 and 230).)

### III. CONCLUSION

Plaintiff's discovery motion (ECF No. 235) is **DENIED** and the hearing set for

July 14, 2022 (ECF No. 237) is **VACATED**.

Plaintiff shall review Defendant's supplemental discovery responses and meet and confer

regarding any remaining issues in accordance with the Federal Rules of Civil Procedure, Local

Rules and Civil Standing Order prior to filing any future discovery motion with the court.

Plaintiff is cautioned that a future failure to comply with the court's orders, the Federal

Rules of Civil Procedure or Local Rules may result in the imposition of sanctions.

**IT IS SO ORDERED**.

Dated: July 11, 2022

_____
Craig S. Denney
United States Magistrate Judge